# United States District Court
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

HANI MOHAMMAD ASHOUR,           §
individually and as representative of   §
THE ESTATE OF DALAL HAMMAD      §
ASHOUR,                         §
                                §
                                §
              *Plaintiffs,*       §   Civil Action No. 4:25-cv-1097
v.                              §   Judge Mazzant
                                §
24 HOUR FITNESS USA, LLC, and   §
PARKER CENTRAL PLAZA LTD.       §
                                §
                                §
              *Defendants.*       §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Corrected Motion to Remand (the "Motion") (Dkt. #7). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a wrongful death case. On or about June 16, 2025, Dalal Hammad Ashour (the "Decedent") drowned to death in a swimming pool owned by 24 Hour Fitness USA, LLC ("24HR"). On August 15, 2025, Plaintiff filed suit in the 471st Judicial District Court of Collin County, Texas, seeking recovery for Decedent's death (Dkt. #1-3 at p. 2). On October 7, 2025, 24HR removed the case to this Court pursuant to this Court's diversity jurisdiction under 28 U.S.C. §1332 and in accordance with Local Rule CV-81 (Dkt. #1 at p. 1). In its argument for removal, 24HR alleged that Defendant Parker Central Plaza LTD ("Parker Central") was improperly joined to defeat diversity jurisdiction (Dkt. #7 at p. 4). On November 6, 2025, Plaintiff filed the present Motion, seeking to remand the case to state court (Dkt. #7). Defendants filed a

response (Dkt. #8). Following a cursory inspection of Plaintiff's pleadings, the Court granted Plaintiff leave to amend her original petition to better conform to federal pleading standards (Dkt. #14). Plaintiff filed an Amended Complaint on March 11, 2026 (Dkt. #15). The Court is now tasked with determining whether Plaintiff's amendment was sufficient to state a claim against Parker Central.

## LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, 'the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Humphrey*, 2014 WL 12687831, at *2 (citation modified) (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

### I.   Diversity Jurisdiction

Plaintiff contends that remand is proper because Defendants have failed to establish complete diversity of citizenship (Dkt. #7 at p. 7). If successful, Plaintiff's argument would warrant remand of the case, as subject matter jurisdiction under 28 U.S.C. § 1332 only exists where there is complete diversity of citizenship between the parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). For diversity purposes, an individual is a citizen of the state where they are domiciled. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–14 (5th Cir. 2019). A corporation is a citizen of the state, or states, of its incorporation and the state where its principal place of business is located. *Id.* The citizenship of a limited liability company and a limited partnership is determined by considering the citizenship of all the members and partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991). The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

#### A.   Plaintiff's Citizenship

Plaintiff is an individual who is domiciled in Texas (Dkt. #1-3 at p. 3; Dkt. #7 at p. 7). As a result, Plaintiff is a citizen of Texas for diversity purposes. *See MidCap*, 929 F.3d at 313–14.

#### B.   Defendants' Citizenship

24HR is a California limited liability company (Dkt. #1 at p. 4). None of its members are citizens of Texas (Dkt. #1 at p. 4). Thus, 24HR's citizenship is sufficiently diverse from Plaintiff's to satisfy the requirements of 28 U.S.C. § 1332. *See Grey Wolf*, 542 F.3d at 1080.

The Court's analysis cannot stop there, however, as "[t]he diversity statute requires complete diversity of citizenship. A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants" *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citation modified) (internal citation omitted).

Parker Central is a Texas limited partnership with at least one member who is a citizen of Texas (Dkt. #1-3 at p. 4; Dkt. #1 at p. 5). Hence, Parker Central shares a common state of citizenship with Plaintiff: Texas. *See id.*; *Grey Wolf*, 542 F.3d at 1080. This shared citizenship risks compromising this Court's diversity jurisdiction. If Defendants are unable to establish improper joinder as to Parker Central, diversity is destroyed and the Court must remand the case for lack of subject matter jurisdiction. *See, e.g.*, *Narvaiz v. Wal-Mart Stores Tex., LLC*, No. 2:13-CV-195, 2013 WL 4677811, at *1 (S.D. Tex. Aug. 30, 2013) ("If Defendants fail to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction.").

## II.   Improper Joinder

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). The removing party must show either (1) there has been actual fraud in the pleading of jurisdictional facts; or (2) "that there is no possibility of recovery by the plaintiff against a nondiverse defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a nondiverse defendant." *Id.* at 573; *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199–200 (5th Cir. 2016) (citation modified) (quoting *Smallwood*, 385 F.3d at 573). Defendants seek to prove the latter, and must do so by clear and convincing evidence. *See Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir.

1990). Not only that, but the Court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

In her original state court petition, Plaintiff alleged that "at all relevant times, the premises, the subject pool, its equipment, enclosures, and appurtenances were owned, operated, controlled, and managed" by either 24HR or Parker Central (Dkt. #1-3 at p. 4). Her petition further alleged that either party was responsible for "the creation of policies and procedures related to safety, construction, design, training, hiring, selection, supervision, pool surveillance, and occupancy limits that contributed to the drowning" (Dkt. #1-3 at p. 5). She brought multiple causes of action against both parties, including negligence, negligence per se, gross negligence, and premises liability (Dkt. #1-3 at pp. 5–6).

Defendants argue that Parker Central was improperly joined solely to defeat jurisdiction because Plaintiff cannot recover against it on any of her theories (Dkt. #8 at p. 1). In support of their argument, Defendants have produced "undisputed lease and construction documents," which they claim conclusively show that Parker Central is not liable to Plaintiff (Dkt. #8 at p. 5). In light of Defendants' response, the Court turns to Plaintiff's Motion in search of a reasonable basis to predict that Plaintiff might be able to recover against Parker Central in state court. *See Int'l Energy*, 818 F.3d at 199–200.

## A.     Appropriate Test for Improper Joinder

The Fifth Circuit has set out two avenues for determining whether there is a reasonable basis to predict that a plaintiff might recover against a defendant under state law. *See Smallwood*, 385 F.3d at 573–74. "[A] court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Int'l Energy*, 818 F.3d at 207. Importantly, this

decision "lies within the discretion of the trial court." *Flagg v. Stryker Corp.*, 819 F.3d 132, 137 (5th Cir. 2016) (citation modified).

The first test involves a simple "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Under this test, the Court utilizes federal pleading standards in its analysis. *Int'l Energy*, 818 F.3d at 208 ("Our precedent is clear: A federal court must apply the federal pleading standard."). The second test is less common and is appropriate in cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. It is also appropriate where a plaintiff's "original state court petition contains only broad allegations against the 'defendants' collectively and does not allege any specific factual allegations against [either defendant]." *Centaurus GF Cove, LLC v. Lexington Ins. Co.*, No. CIV. A. H-10-836, 2010 WL 2710390, at *3 (S.D. Tex. July 7, 2010); *see also Campos v. Starbucks Corp.*, No. 7:25-CV-00125, 2025 WL 3124017, at *3 (S.D. Tex. Nov. 7, 2025). Such an inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74.

Here, the Court exercises its discretion and applies the first test—the 12(b)(6) type inquiry—to the relevant pleadings.[1] Thus, Plaintiff will be found to have improperly joined Parker Central if it has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell*

---

[1] Facts similar to those currently before the Court have led other district courts to apply the second test—the summary inquiry—to the relevant pleadings. *See, e.g.*, *Centaurus*, 2010 WL 2710390, at *3; *see also Campos*, 2025 WL 3124017, at *3. While the application of that test under these specific circumstances may be a valid exercise of discretion, the Court finds that improper joinder is an inevitability under either test and thus declines Defendant's invitation to pierce the pleadings (Dkt. #8 at p. 5).

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In conducting its analysis, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation modified) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

Finally, the Court recognizes that Plaintiff's "negligent undertaking" and "premises liability" causes of action each appear to be based on the same facts. This cannot be, as "[u]nder Texas Supreme Court authority this alone is fatal to her negligent undertaking theory." *Okokon v. Costco Wholesale Corp.*, No. 4:22-CV-3438, 2025 WL 593379, at *3 (S.D. Tex. Feb. 24, 2025) (citing *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (holding a plaintiff may plead either a negligence claim or a premises-liability claim)). However, in the interest of a complete and fair review of the pleadings, the Court sees fit to address both causes of action in kind.

### B.    Negligent Undertaking

Plaintiff first alleges the possibility of liability against Parker Central under a negligent undertaking cause of action (Dkt. #15 at p. 6).[2] Defendants argue that Plaintiff has not pleaded specific facts to support her negligent undertaking claim, and further contend that Parker Central

---

[2]   The Amended Complaint broadly labels this cause of action as "Negligence, Negligence Per Se, and Gross Negligence" (Dkt. #15 at p. 6). However, all parties have interpreted this section as supporting a claim for negligent undertaking alone (*See* Dkt. #7 at p. 8; Dkt. #8 at pp. 10–11).

cannot be liable for its negligent failure to repair the pool, only for any actual negligent repairs it might have attempted. Defendants insist that because Plaintiff "alleges . . . no negligent repairs" were made on the relevant property, Plaintiff cannot prevail (Dkt. #8 at p. 8). Because the Court agrees that Plaintiff has failed to adequately plead negligent undertaking, it finds this cause of action insufficient to defeat Defendants' improper joinder argument.

Generally, a negligent undertaking duty arises when (1) a defendant undertakes to perform services it knew or should have known were necessary for the plaintiff's protection; (2) the defendant failed to exercise reasonable care in performing those services; and (3) the plaintiff relied on the defendant's performance or the defendant's performance increased the plaintiff's risk of harm. *Robison v. Cont'l Cas. Co.*, No. 1:17-CV-508, 2022 WL 336901, at *8 (E.D. Tex. Jan. 6, 2022) (citing *Nall v. Plunkett*, 404 S.W.3d 552, 556 (Tex. 2013)), *aff'd*, No. 22-40071, 2022 WL 17819601 (5th Cir. Dec. 20, 2022); *see also Johnson Cnty. Sheriff's Posse v. Endsley* 926 S.W.2d 284, 285 (Tex. 1996) ("[A] lessor who makes repairs may be liable for injuries resulting from the lessor's negligence in making the repairs.").

Negligent undertaking may arise under either physical actions or contractual obligations, such as the lease agreement entered into the record by Defendant. *See Millsaps v. Cont'l Cas. Co.*, No. 1:23-CV-00147-MJT, 2023 WL 9645471, at *5 (E.D. Tex. Dec. 20, 2023), *report and recommendation adopted*, No. 1:23-CV-00147-MJT, 2024 WL 1283710 (E.D. Tex. Mar. 26, 2024). In her Amended Complaint, however, Plaintiff does not even "simply parrot[] the elements of a negligent-undertaking cause of action" and instead provides neither fact nor allegation in favor of Parker Central's liability under that theory. *Castillo v. JLG Indus., Inc.*, No. 5:18-CV-00041, 2018

WL 11428843, at *5 (S.D. Tex. Sept. 17, 2018). Specifically, Plaintiff relies entirely on three allegations to support her negligent undertaking claim, arguing that Parker Central is liable for:

(a)   "failing to inspect, maintain, and/or provide adequate safety equipment";

(b)   "failing to properly train [or supervise] their employees"; and

(c)   "failing to timely and/or adequately react to Decedent's drowning" (Dkt. #15 at p. 6).

The first element of the claim is simply absent from the pleadings altogether, as Plaintiff (a) has not pleaded that Parker Central took any specific negligent actions in any attempted maintenance of the pool; and (b) only implicitly argues for the existence of a duty by emphasizing Parker Central's repeated "failure" to act or provide a service. This issue applies in equal strength to the other elements of negligent undertaking, as Plaintiff's Second Amended Complaint fails to detail any facts related to Parker Central's knowledge that a service it offered to perform was "necessary for the plaintiff's protection," how Parker Central performed any alleged "service," or how Parker Central's performance may have "increased the plaintiff's risk of harm." *Robison*, 2022 WL 336901, at *8.

A thorough review of Plaintiff's pleadings has provided this Court with more than enough confidence to determine that Plaintiff has not properly offered "enough facts to state a claim to relief that is plausible on its face" regarding her negligent undertaking claim. *Twombly*, 550 U.S. at 570. Thus, Defendants have carried their burden to show that Parker Central was not properly joined on account of this cause of action.

### C.   Premises Liability

Plaintiff next argues that she has shown a possibility of recovery on her premises liability claim against Parker Central (Dkt. #7 at p. 9). Defendants respond that Plaintiff has failed to plead

a viable claim because she has not provided any facts to support the requisite "duty" element under that cause of action (*See* Dkt. #8 at p. 7). To that end, Defendants make repeated reference to the legal consequences of Parker Central's unique status as a landlord under Texas law and emphasize its resulting protection from liability.

The pleadings indicate that Parker Central is a lessor to 24HR of all property relevant to this case (Dkt. #1 at p. 7; Dkt. #1-7). Plaintiff does not dispute this characterization. Thus, the Court finds it appropriate to treat Parker Central as a lessor under Texas law. Importantly, "[a] lessor generally has no duty to tenants or their invitees for dangerous conditions on the leased premises." *Johnson Cnty.*, 926 S.W.2d at 285. There are a few limited exceptions to this rule, including: (1) when the lessor's negligence in making repairs injures an invitee; (2) when the lessor conceals defects on the leased premises of which they were aware; and (3) when an invitee is injured by a defect on a portion of the premises that remained under the lessor's control. *Id.*

Plaintiff argues that she has availed herself of two exceptions. First, Plaintiff alleges that her premises liability claim rests on Parker Central's negligent repair of the property (Dkt. #7 at pp. 9–10). Second, Plaintiff alleges that her premises liability claim rests on Parker Central's continued control of the property (Dkt. #7 at pp. 9–10). In the face of Defendants' arguments, however, both arguments are insufficient to warrant remand.

### 1.     Parker Central's Alleged Failure to Repair

The Texas Supreme Court addressed the negligent repair exception to a landlord's immunity to suit in detail in *Flynn v. Pan Am. Hotel Co.*, 183 S.W.2d 446 (Tex. 1944). There, it found that when a "landlord, although he may be under no obligation to make repairs, does undertake to make them, he is liable for injuries resulting from his negligence or that of his servants or employees in making the repairs." *Id.* at 448. In *Flynn*, the Texas Supreme Court held that a landlord defendant

was not liable to a plaintiff who was injured by a malfunctioning elevator because there was "no evidence" that the landlord "ever undertook to repair the broken [elevator part] and was negligent in repairing it." *Id.* This was found to be the case despite the landlord retaining the right to make repairs or improvements at will. *Id.* at 449–50. The Texas Supreme Court reiterated this point over 50 years later, holding that "if [landlords] agree to make repairs, they have a duty to complete them with care. But they do not become liable for existing premises defects merely by retaining the right to re-enter the premises to make alterations." *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 297 (Tex. 2004).

Plaintiff has not alleged that Parker Central repaired or otherwise even made an attempt to repair the relevant property. Plaintiff has instead alleged the opposite, claiming that Parker Central is liable for "*failing* to inspect, maintain, and repair the subject pool, pool area, enclosures, gates, and/or pool equipment" (Dkt. #15 at p. 6 (citation modified) (emphasis added)). Thus, Parker Central's liability must arise, if at all, in its hypothetical agreement to make repairs or improvements to the property associated with the Decedent. However, as indicated above, Plaintiff's Amended Complaint omits any reference or allegation related to Parker Central's contractual duty to provide repairs or improvements to any part of the premises. It includes no specific facts related to any agreement by Parker Central to repair the pool property—further, it never goes so far as to detail the specific cause of Decedent's death beyond "drowning," so no connection can be drawn between the cause of harm and Parker Central. The Amended Complaint instead contains only insufficient and "conclusionary allegations, wholly lacking in specific factual support." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 817 (5th Cir. 1993).

As a result, the Court must conclude that Plaintiff simply "did not include particularized facts and particularized allegations" against Parker Central that are "sufficient to establish a reasonable possibility of recovery." *Centaurus*, 2010 WL 2710390, at *3. Thus, Defendants have carried their burden to show that this exception does not apply to Plaintiff's premises liability claim against Parker Central.

### 2.    Parker Central's Alleged Control

Texas law provides that, "[g]enerally, a landlord who retains control over a part of the premises that the tenant is entitled to use owes a duty to exercise ordinary care." *Stein v. Gill*, 895 S.W.2d 501, 502 (Tex. App.—Fort Worth 1995, no writ). Further, a landlord's "[r]ight to control may be shown by explicit contractual assignment or actual exercise of control." *Khan*, 138 S.W.3d at 292. Plaintiff's Amended Complaint alleges in part that Parker Central "owned, operated, controlled, [and] managed" the subject pool and premises (Dkt. #15 at p. 3). Plaintiff argues that control is a "question of fact that cannot be resolved at this stage," and thus her Amended Complaint is enough to warrant remand (Dkt. #7 at p. 10). This "argument," however, is little more than an incorrect statement of law, as "entirely general" allegations are insufficient to defend against a properly pleaded improper joinder attack. *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 392 (5th Cir. 2000).

Importantly, Plaintiff does not identify or offer any facts to support the notion that Parker Central failed to "'relinquish[] possession or occupancy of the premises'" to 24HR. *Campos*, 2025 WL 3124017, at *3 (quoting *Endsley*, 926 S.W.2d at 285). "Nowhere does the [Amended Complaint] allege any particular or specific activity [or] agreement" between Parker Central and 24HR that could suffice to provide factual support to its conclusory statements. *Badon*, 224 F.3d at 392. Instead, Plaintiff offers only bare assertions and legal conclusions to support her claim that the

landlord exercised control over the pool property. In other words, Plaintiff has been unable to adequately and "specifically state facts that point to the allegedly wrongful conduct" by Parker Central. *Rodriguez v. State Farm Lloyds*, No. 3:13-CV-3505-G, 2014 WL 3406961, at *4 (N.D. Tex. July 14, 2014). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. As a result, Plaintiff has failed to "allege sufficient facts to 'nudge' the claim[] 'across the line from conceivable to plausible'" and thus cannot rely upon this avenue for support against Defendant's improper joinder argument. *Cessna v. Ryobi Techs., Inc.*, No. 1:17-CV-358, 2017 WL 11450258, at *5 (E.D. Tex. Sept. 21, 2017) (first quoting *Twombly*, 550 U.S. at 570; and then quoting *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013)).

### D.    Statutory Obligations

Plaintiff's final argument against improper joinder is that Parker Central has "nondelegable statutory duties as the pool owner" (Dkt. #7 at p. 2). In support of her claim, Plaintiff cites to a relevant portion of the Texas Administrative Code which holds that:

> A staffing plan specifying the number of on-duty lifeguards must be prepared by the pool operator, lifeguard supervisor, or pool owner, and must provide adequate supervision and close observation of all users at all times. A copy of the plan must be available on-site and be provided to a DSHS or local regulatory authority inspector upon request.

25 TEX. ADMIN. CODE § 265.191.

Plaintiff posits that Parker Central, as the "owner" of the pool, owed Decedent a duty to create and maintain a staffing plan under that portion of the code. In response, Defendant grapples with the definitions of "pool owner" and "pool operator," which is unnecessary at this stage, as the Court "must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *B.*, 663 F.2d at 549.

Setting aside the statutory differences between the "owner" and "operator" of a public pool, the Court favors Defendant's ultimate interpretation of Plaintiff's statutory duty theory. Not only is Plaintiff's Amended Complaint free from any mention of the Texas Administrative Code, but that pleading makes no reference to Parker Central's statutory duty to maintain a "staffing plan" at all. At best, Plaintiff alleges, in exact and identical prose, that each "Defendant" failed "to enforce adequate safety policies and/or procedures" and "to comply with the applicable ordinances, regulations, laws, and industry standards" (Dkt. #15 at ¶¶ 13, 15). This collection of vague accusations, however, does not present "enough facts to state a claim to relief that is plausible on its face." *Int'l Energy*, 818 F.3d at 208; *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) (per curiam) (unpublished) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual allegations."). Defendants have therefore carried their burden to prove that Plaintiff has failed to state "a *reasonable* possibility of recovery, not merely a *theoretical* one," against Parker Central. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003).

### E.    Plaintiff's Amendment

The Court concludes this Memorandum Opinion and Order with an acknowledgment of prior procedural matters. On February 25, 2026, the Court issued an Order permitting Plaintiff to conform her original state petition to federal pleading standards (Dkt. #14). Even after requesting and receiving leave to amend her original state petition, Plaintiff's new allegations are insufficient to support remand. At their most useful, they swap Plaintiff's interchangeable use of "Defendants" for copy-and-paste cause of actions (*See* Dkt. #15 at ¶¶ 10, 11). At their least, they succeed only in adding descriptive fluff to conclusory statements—turning phrases such as "owned, operated, controlled, and managed" to "controlled, managed, maintained, staffed,

supervised, and exercised day-to-day control over the subject pool and pool area, including safety policies . . . ." (*Compare* Dkt. #1-3 at ¶ 10, *with* Dkt. #15 at ¶ 11). However, there is no amount of conclusory language that can substitute the glaring absence of factual support for any of Plaintiff's allegations against Parker Central. Indeed, "[t]he Federal Rules do require a plaintiff to plead actual facts in support of its claims." *SC & E Admin. Servs., Inc. v. Deloitte*, No. A-05-CA-929-SS, 2006 WL 6747974, at *5 (W.D. Tex. July 25, 2006). As a result, this case will not be remanded on account of the allegations contained in Plaintiff's Amended Complaint.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Corrected Motion to Remand (Dkt. #7) is hereby **DENIED.**

Accordingly, Plaintiff's claims against Parker Central Plaza Ltd. are hereby **DISMISSED without prejudice** as improperly joined.

**IT IS SO ORDERED.**

**SIGNED this 30th day of March, 2026.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

15